PARNELL  COLVIN
7414 PAGE RANCH CT
LAS VEGAS , NV 89131
EMAIL:PC681@YAHOO.COM
PH: (702) 447-0644

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK: 25-11109-ABL |
| | ) | CHAPTER:7 |
| | ) | |
| PARNELL COLVIN III | ) | **NOTICE OF APPEAL** |
| | ) | |
| Debtor. | } | |
| _____ | ) | |

Part 1: Identify the appellant(s)

1. Name of appellant: PARNELL COLVIN III

2. Position of appellants(s) in the adverse proceedings or bankruptcy case that is the subject of this appeal: Debtor

Part 2: Identify the subject of this appeal:

1. Describe the judgment or the appealable order or decree from the appeal taken: Dismissal of bankruptcy case

2. State the date on which the judgment or appealable order or decree was entered: May 30, 2025.

1 - 3

Part 3: No other parties to the appeal

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Date: JUNE 2, 2025

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

PARNELL COLVIN III
1014 PAGE RANCH CT
LAS VEGAS, NV 89131

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

3 - 3

**Electronically Filed: April 2, 2025**

KRISTINA L. HILLMAN, Bar No. 7752
SEAN W. McDONALD, Bar No. 12817
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
Telephone (702) 508-9282
Fax (510) 337-1023
E-Mail: khillman@unioncounsel.net
         smcdonald@unioncounsel.net
         bankruptcycourtnotices@unioncounsel.net

Attorneys for Creditor Laborers' International Union of North
America, Local 872

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-25-11109-abl |
| PARNELL COLVIN III, | Chapter 7 |
| Debtor(s), | MOTION TO DISMISS BANKRUPTCY CASE WITH PREJUDICE AND FOR INJUNCTION AGAINST FUTURE FILING |
| | Hearing Date: April 30, 2025<br>Hearing Time: 9:30 a.m.<br>Courtroom:   Remote |

Creditor, Laborers' International Union of North America, Local 872 ("Creditor," "Union," or "Local 872"), by and through its counsel of record, Weinberg, Roger & Rosenfeld, moves for entry of an order dismissing the above-captioned bankruptcy case with prejudice. Further, Local 872 requests entry of an injunctive order prohibiting the Debtor from filing another bankruptcy case in any jurisdiction for a period of not less than five years. Finally, Local 872 requests the Court to retain jurisdiction notwithstanding automatic dismissal by operation of 11 U.S.C. § 521(i).

This Motion is supported by the below Memorandum of Points and Authorities; the Declaration of Sean W. McDonald in support thereof and exhibits thereto, filed contemporaneously herewith; all papers and pleadings filed in the above-captioned case, judicial notice of which is requested pursuant to Federal Rule of Evidence 201; Debtor's prior bankruptcy

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

1    filings, judicial notice of which is requested pursuant to Federal Rule of Evidence 201; and

2    arguments of counsel heard in support of the Motion during any hearing held on the Motion.[1]

3    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

4    **I.**    <u>**INTRODUCTION**</u>

5    Parnell Colvin III ("Debtor") filed the above-captioned bankruptcy case ("Bankruptcy

6    Case") as a voluntary petition under chapter 7 on February 28, 2025. This is Debtor's *eleventh*

7    bankruptcy petition since 2013 in two judicial districts, the District of Oregon and the District of

8    Nevada. None of Debtor's earlier ten bankruptcies were successfully completed, resulting in a

9    discharge; all were dismissed for some sort of failure on the Debtor's part to comply with his

10    statutory duties as a debtor under the Code (e.g., failure to attend meetings of creditors, failure to

11    obtain required credit counseling, failure to timely file required documents, etc.).

12    If this Debtor seems familiar to the Court, he should. As the Court will recall, Mr. Colvin's

13    last bankruptcy was dismissed on August 1, 2022, by the same Bankruptcy Judge assigned to this

14    case. *See* Order Granting in Part & Denying in Part Mot. to Dismiss Bankr. Case with Prejudice

15    & for Injunction Against Future Filing, ECF No. 24, in No. 22-11413-abl, attached as Exhibit 1 to

16    the Declaration of Counsel accompanying this Motion. As the Court admonished the Debtor in

17    declining to grant at that time a bar to filing another bankruptcy petition without satisfying all

18    duties as a Debtor, memorialized by the Court's written order:

> 19    As detailed in the Court's admonishments to the Debtor made on
> 20    the record, the Court warns the Debtor that if Debtor files another
> bankruptcy petition after this case, but fails to comply with his
> 21    duties as a debtor as laid out in the Bankruptcy Code and Federal
> Rules of Bankruptcy Procedure in that case, such as by failing to
> 22    timely obtain required credit counseling, *failing to file a complete*
> *petition with all complete required schedules and other documents*
> *in support of the petition,* failing to attend the meeting of creditors,
> 23    or otherwise failing to properly prosecute the case, the Court will be
> inclined to grant a bar to re-filing if a motion to dismiss is brought
> 24    in a future case, for the reasons stated on the record.

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket and refer to the instant bankruptcy case, unless otherwise specifically cited. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada. All references to "FRE" are to the Federal Rules of Evidence.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Wann Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 504-9282

*Id.* at 2–3 (emphasis added). As detailed below in this Motion, here we are again.

Given this Debtor's long, blatant abuse of the bankruptcy process, evidently designed to delay lawful creditor actions outside of the bankruptcy forum and to cause prejudice to creditors and this Court's processes, this Court should not permit Debtor to be in a position any time soon to file a *twelfth* abusive, bad-faith petition, wasting the resources of creditors, the chapter 7 panel trustees, the U.S. Trustee's Office, and this Court.

If the Bankruptcy Case is merely dismissed, the Debtor will simply file for bankruptcy again, to the detriment of his creditors and others. For the Union, this will mean incurring even more legal fees and costs. For the Court, it will mean more wasted time devoted to Debtor that could be devoted to deserving debtors who come to the Court in good faith seeking the fresh start available debtors who adhere to the rules of the bankruptcy process. Therefore, dismissal of the Bankruptcy Case should be with prejudice and the Debtor should be barred from filing another bankruptcy case in any jurisdiction for a period of at least five years. Only this will prevent the Debtor from continuing to abuse the Bankruptcy Code and inflicting further harm on the Union, other creditors, and others in the bankruptcy system.

## II.    **JURISDICTION**

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, the Union consents to the entry of final orders or judgment by this Court.

The relief requested herein is premised on Sections 105(a), 349, and 707, and FRBP 1017 and 9014.

## III.    **STATEMENT OF FACTS**

### A.    **PRIOR BANKRUPTCY CASES**

Debtor Parnell Colvin has used bankruptcy to frustrate and delay the Union's and other creditors' legitimate collection efforts and has wasted others' resources in the bankruptcy system.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

3

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1    Debtor Colvin has filed for bankruptcy ten times before filing the instant Bankruptcy Case.[2]

2    Listed below is summary information about the cases derived from the dockets in each case,

3    listed by case number, jurisdiction, petition type and filing date, summary reason for the

4    dismissal, and whether or not a fee waiver was granted and the date of the court's action on a fee

5    waiver:

6        1.  Case No. 13-33280, District of Oregon, chapter 7 bankruptcy case filed May
     23, 2013, dismissed August 30, 2013, for failure to timely obtain required
7           credit counseling; fee waiver granted June 27, 2013;

    2.  Case No. 15-12810-led, District of Nevada, chapter 7 bankruptcy case filed
8           May 15, 2015, dismissed July 6, 2015, for failure to timely file required
     documents; fee waiver granted May 18, 2015;

9        3.  Case No. 15-16662-mkn, District of Nevada, chapter 7 bankruptcy case filed
     November 30, 2015, dismissed March 7, 2016, for failure to supply tax return
10          to appointed Trustee and to attend the meeting of creditors; fee waiver granted
     December 7, 2015;

11       4.  Case No. 17-10614-mkn, District of Nevada, chapter 7 bankruptcy case filed
     February 13, 2017, dismissed October 31, 2017, for failure to attend the
12          meeting of creditors; fee waiver granted February 14, 2017;

13       5.  Case No. 19-13142-mnk, District of Nevada, chapter 7 bankruptcy case filed
     May 17, 2019, dismissed July 8, 2019 for failure to timely file required
14          documents; fee waiver granted May 24, 2019;

    6.  Case No. 19-14597-mkn, District of Nevada, chapter 7 bankruptcy case filed
15          July 18, 2019, dismissed September 12, 2019, for failure to timely file
     required documents; fee waiver granted July 19, 2019;

16       7.  Case No. 19-16459-mkn, District of Nevada, chapter 7 bankruptcy case filed
     October 4, 2019, dismissed January 8, 2020, for failure to obtain required
17          credit counseling; fee waiver granted December 11, 2019;

    8.  Case No. 21-12012-abl, District of Nevada, chapter 7 bankruptcy case filed
18          April 21, 2021, dismissed July 8, 2021, for failure to obtain required credit
     counseling; fee waiver denied, installment payments ordered April 26, 2021;

19       9.  Case No. 21-14974-mkn, District of Nevada, chapter 7 bankruptcy case filed
     October 18, 2021, dismissed December 7, 2021, for failure required credit
20          counseling; fee waiver granted October 20, 2021;

    10. Case No. 22-11413-abl, District of Nevada, chapter 7 bankruptcy case filed
21          April 22, 2022, dismissed August 1, 2022, automatically by operation of
     Section 521(i)(1) due to the Debtor's failure to timely file all documents as
22          required by Section 521(a)(1), and also dismissed, without prejudice, under
     Section 707(a) of the Code because, in addition to the Debtor's failure to file
23          all information required by Section 521(a)(1) of the Code, the Debtor's history
     of [then] nine previous failed bankruptcy petitions (ten counting this one)
24          amounts to unreasonable delay to all creditors that is prejudicial to creditors.
     [*See* ECF No. 24, in No. 22-11413-abl, attached as Exhibit 1 to the

25

26   _____

[2] In perhaps an attempt to disguise his prior filings from the Court and others, in some cases the
Debtor has used slight variations in his name, such as Parnell Colvin, Parnell Colvin III, or
27   Parnell SR Colvin, but other indicia in the petitions make clear these were all filed by the same
person, such as by including the same Social Security number, addresses known to be associated
28   with the Debtor, and other information.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

1   Declaration of Counsel accompanying this motion.]; fee waiver denied,
2   installment payments ordered April 27, 2022.

3   The Union requests the Court to take judicial notice of the existence of these prior bankruptcy

4   cases and the filings made therein, pursuant to FRE 201. *See U.S. v. Wilson*, 631 F.2d 118, 119

5   (9th Cir. 1980) (court may take judicial notice of records from other case); *see also Conde v.*

6   *Open Door Marketing, LLC*, 223 F. Supp. 3d 949, 970 n.9 (N.D. Cal. 2017); *Bank of Am., N.A. v.*

7   *CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal.

8   2015) ("The Court may consider the records in this case, the underlying bankruptcy case and

9   public records.").[3]

10  Debtor Colvin has used bankruptcy to frustrate and delay the Union's and other creditors'

11  legitimate collection efforts.

12  **B.    THE INSTANT BANKRUPTCY CASE**

13  The Debtor filed the instant Bankruptcy Case on February 28, 2025, by filing a voluntary

14  bankruptcy petition. ECF No. 1 (voluntary petition). Initially on the same day the Clerk noted a

15  deficient filing for lack of a certificate of credit counseling, ECF No. 5 (notice of deficient filing),

16  but the Clerk on March 4, 2025, filed an Order Determining Debtor's Compliance with Filing

17  Requirements of Section 521(a)(1), ECF No. 8. The Court on March 5, 2025, granted Debtor's

18  certificate of exigent circumstance and allowed the Debtor an additional 30 days to file a

19  certificate of credit counseling, ECF No. 9, and granted a fee waiver, ECF No. 10. Since then, the

20  [3] The contents of Mr. Colvin's prior bankruptcy petitions, schedules, and supporting papers also
21  qualify under FRE 801(d) as judicial admissions and as admissions by a party opponent.
    "Statements in bankruptcy schedules are executed under penalty of perjury and when offered
22  against a debtor are eligible for treatment as judicial admissions." *In re Bohrer*, 266 B.R. 200, 201
    (Bankr. N.D. Cal. 2001); *see also In re Haun*, 396 B.R. 522, 530 n.16 (Bankr. D. Idaho 2008)
23  ("The submissions in [the underlying bankruptcy case] made by Defendant under penalty of
    perjury, such as in his sworn schedules and statement of financial affairs, may be treated as
24  evidentiary admissions under Fed.R.Evid. 801(d)."); *see also In re Martell*, 349 B.R. 233, 234 n.1
    (Bankr. D. Idaho 2005). "A debtor may not adopt a cavalier attitude toward [ ] the accuracy of his
25  schedules by arguing that they are not precise and correct." *In re Bohrer*, 266 B.R. at 201.

    "The proper 'operation of the bankruptcy system depends on honest reporting.'" *In re Mohring*,
26  142 B.R. 389, 389 (Bankr. E.D. Cal. 1992), *aff'd*, 153 B.R. 601 (9th Cir. BAP 1993), *aff'd*, 24
    F.3d 247 (9th Cir. 1994) (quoting *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985)). Schedules
27  and statements are signed under penalty of perjury. FRBP 1008. Debtors are presumed to have
    read the schedules and statements before signing the documents, and are responsible for their
28  contents. *Carpenter v. Fanaras (In re Fanaras)*, 263 B.R. 655, 667 (Bankr. D. Mass. 2001).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

5

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1    Debtor filed certificates of credit counseling and debtor education on March 25, 2025. ECF Nos.

2    16, 17. On March 13, 2025, undersigned counsel entered an appearance in this case on behalf of

3    Local 872 and requested special notice. *See* ECF No. 15. The notice was promptly served on the

4    Debtor, among others. *See* ECF No. 16.[4]

5    　　The Bankruptcy Case was filed, in part, to prevent the Union from proceeding forward

6    with a breach of contract action pending in the Las Vegas Township Justice Court. *See McDonald*

7    *Decl.* ¶¶ 4–10. The Debtor is also likely using the Bankruptcy Case to stave off landlord-tenant

8    actions against him. *See id.* ¶¶ 9–10 & Exs. 2 & 3.

9    　　Although on its face, this petition appears to have satisfied all of the information

10    requirements, a closer inspection of the petition and supporting schedules and other papers filed

11    reveals the Debtor has once again knowingly omitted information in his schedules and falsely

12    answered certain questions in the petitions and schedules. This falls short of compliance with

13    Debtor's obligations under the Code and Rules, requirements that the Court admonished Mr.

14    Colvin of nearly three years ago. We detail the deficiencies in greater detail below.

15

16    **C.    OUTSIDE OF THE BANKRUPTCY FORUM, DEBTOR HAS BEEN FOUND TO BE A VEXATIOUS LITIGANT OR ENGAGING IN IMPROPER TACTICS**

17    　　As further evidence of Debtor's vexatiousness and intent to harass, at least three other

18    courts have grown wise to Mr. Colvin's improper use of the courts. First, the United States

19    District Court, District of Nevada, has found Mr. Colvin to be a vexatious litigant for improperly

20    removing state-law landlord-tenant eviction actions to federal court and imposed a pre-filing

21    injunction against Debtor. McDonald Decl. ¶ 12 & Ex. 4 (Order, Judge Silva). This order was

22    affirmed after Mr. Colvin appealed from it. *Id.* at ¶ 12 & Ex. 5 (9th Cir. Mem.). Second, the

23

24    ---

[4] Since then, the mailing containing copies of the filings at ECF Nos. 14 and 15 have been
25    returned to sender, along with another letter requesting a copy of Mr. Colvin's tax return under 11
U.S.C. § 521(e)(2)(A)(ii) and FRBP 4002(b)(4). McDonald Decl. ¶ 21 & Ex. 14. To undersigned
26    counsel, the handwriting is recognized as Mr. Colvin's. *Id.* at ¶ 21. Even if Colvin were to claim
he didn't return the mailings, it would be evidence that the Debtor has not kept his contact
27    information current with the Court, as the law and this Court's rules require. And if Mr. Colvin
fesses up to returning the mail, it's evidence of bad faith and willful ignorance of court papers and
28    notices mailed to his address that is on file with this Court. Either way, it's more evidence of Mr.
Colvin's bad faith before this Court.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Wann Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

6

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1   Eighth Judicial District Court, Clark County, Nevada, has found Colvin to be a vexatious litigant

2   in the context of a lawsuit Colvin filed against one of his prior landlords, which had been pending

3   while Colvin was evading eviction for nonpayment of rent through his scheme of improper serial

4   removals to U.S. District Court and his serial bankruptcy petitions. *Id.* ¶ 13 & Ex. 6. That lawsuit

5   ended with summary judgment entered against Colvin and in favor of the landlord defendant,

6   which was upheld on appeal. *Id.* ¶ 13 & Ex. 7 (Nev. Ct. App. Order of Affirmance). Various other

7   litigation and court filings support Debtor's bad faith in other forums. *See* McDonald Decl. ¶¶ 9–

8   18 & Exs. 2–12 (describing filings and court decisions and orders finding Colvin's litigation

9   tactics to be improper).

10   **D.    HARM TO THE UNION**

11          The Union has been forced to incur significant legal expenses as a result of the Debtor's

12   bad faith bankruptcy filings. Through March 31, 2025, the Union has incurred $5,760.00 in fees

13   and costs attributable to the most recent bankruptcy case. McDonald Decl. ¶ 3. In the last case,

14   which was dismissed for cause, the Union incurred $5,964.76 in attorney's fees and costs. *Id.* In

15   total, Local 872 has incurred $ 27,447,49 in fees and costs attributable to Colvin's bankruptcies in

16   which the Union had an interest. *Id.* State-court litigation has been delayed and other litigation

17   frustrated because of Mr. Colvin's serial bad-faith filings. Put frankly, after ten bankruptcy cases,

18   all of which have been dismissed, enough is enough. The Debtor has successfully utilized this

19   Bankruptcy Case in bad faith to frustrate and harass his creditors and to prevent legitimate

20   collection efforts, just as he has done to other creditors through his *ten* previous bankruptcy cases.

21   The last thing that he should be allowed to do is file another bankruptcy case, allowing the cycle

22   to start all over again. His tenth bad faith petition should be his last.

**IV.    ARGUMENT**

24   **A.    CAUSE FOR DISMISSAL IS PRESENT**

25          The Union requests dismissal of the Bankruptcy Case for cause, pursuant to Section

26   707(a), which provides:

27          The court may dismiss a case under this chapter only after notice
        and a hearing and only for cause, including—

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

Case 25-11109-abl    Doc 23    Entered 04/02/25 15:39:09    Page 8 of 17

1      (1) unreasonable delay by the debtor that is prejudicial to creditors;

2      (2) nonpayment of any fees or charges required under chapter 123 of title 28; and

3      (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the

4      filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion

5      by the United States trustee.

6   11 U.S.C. § 707(a). The factors enumerated in Section 707(a) are illustrative, not exhaustive. *See*

7   *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir. 2000), *partially superseded by*

8   *statute on other grounds*, 11 U.S.C. § 707(b)(3)(A). To determine whether actions are sufficient

9   cause for dismissal under Section 707(a), the Court is to first "consider whether the circumstances

10   asserted to constitute 'cause' are 'contemplated by any specific Code provision applicable to

11   Chapter 7 petitions.' If the asserted 'cause' is contemplated by a specific Code provision, then it

12   does not constitute 'cause' under § 707(a)." *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 970

13   (9th Cir. 2007) (quoting *Padilla*, 222 F.3d at 1193–94). Second, if the asserted cause is not

14   contemplated by a specific provision of the Bankruptcy Code, the Court next considers whether

15   the circumstances otherwise provide cause. *Id.*

16        Here, the Debtor has failed to file complete information with his petition, and the

17   information he has filed is internally inconsistent. Although on initial inspection it appears Debtor

18   filed all required schedules this time around, *see* ECF No. 1, closer inspection reveals these

19   filings are bare-bones, skeletal filings and do not contain sufficient content. For example, Debtor

20   claims to have creditors by listing eight of them in his Creditor Matrix. *See* ECF No. 1 at 60–61.

21   But he discloses no details about these creditors and the claims they hold and Debtor's liabilities

22   on Schedules D and E/F. *See* ECF No. 1 at 25–33. Indeed, he doesn't list a single creditor or a

23   single claimed liability or debt in these Schedules. Debtor verified the Schedules and Creditor

24   Matrix were correct under penalty of perjury. *See* ECF No. 1 at 43, 60. This is no innocent

25   mistake. Debtor was warned about being sure to list all debts and to give truthful information,

26   under penalty of perjury, warnings he acknowledged by signing them and filing the petition. *See*

27   ECF No. 1 at 7, 9, 43, 55, 59. He was also specifically admonished by this Court as to his duties

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1  as a debtor when his last bankruptcy was dismissed. *See* ECF No. 24, in No. 22-11413-abl,

2  attached as Ex. 1 to the Declaration of Counsel accompanying this motion.

3       Aside from a lack of complete content, Debtor also gives false answers in his petition,

4  schedules, and other supporting documents. We will detail only a few of the most glaringly

5  obvious false answers. In his Voluntary Petition, line 9 asks if Debtor has ever filed for

6  bankruptcy with the last 8 years. Mr. Colvin answered no. ECF No. 1 at 3. Again, this was

7  answered under penalty of perjury. ECF No. 1 at 7. The answer is plainly false, given the case

8  filing history noted above. This is no innocent mistake or typo. Not only does Colvin know or

9  should know he has filed seven bankruptcies in the past eight years, not only was Colvin warned

10  about the consequences of giving false information in his petition and schedules and he signed an

11  acknowledgement of that warning, *see* ECF No. 1 at 9, Colvin admitted that the answers he gave

12  in prior bankruptcy petitions and papers were not true. These admissions were made in a

13  deposition taken in another case involving the Union pending in the Federal District Court in

14  Nevada. Once he realized the import of admitting he gave untruthful answers under penalty of

15  perjury, Mr. Colvin started to couch these omissions as a repeated "honest mistake" or as innocent

16  typos. *See* McDonald Decl. ¶¶ 20 & Ex. 13, pp. 215–281 (excerpts of Colvin deposition

17  transcript, reviewing several of Colvin's prior bankruptcies and petitions, schedules, and other

18  papers he filed); *id.* at Ex. 13, pp. 249:8–250:15, 251:4–17, 257:23–258:7, 261:8–17, 263:17–

19  265:16, 268:21–269:12 (Colvin's testimony admitting untruthful responses regarding whether he

20  had filed bankruptcies before). The excerpted parts of Mr. Colvin's deposition reveal his

21  proclivity for giving false answers in his bankruptcy petitions, schedules, and supporting papers.

22       Back to this case, Debtor answered he has a spouse on line 2 of Schedule H and on line 1

23  of the Chapter 7 Statement of Your Monthly Income. ECF No. 1 at 36, 58. But in Schedule I he

24  offers no information about his spouse's income. ECF No. 1 at 38–39. And in his Statement of

25  Financial Affairs Debtor answers he is not married. ECF No. 1 at 44, line 1. Again, these are

26  answered under penalty of perjury. ECF No. 1 at 55, 59. Once again, Colvin knows or should

27  know whether he is married. He testified in another action that he was married, and that he knew

28  he gave untruthful answers in prior bankruptcies as to his marital status. *See* McDonald Decl. ¶ 20

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1    & Ex. 13, pp. 16:18–25 (Colvin deposition transcript excerpts, testifying he is married); *id.* at pp.

2    245:9–24, 247:21–248:3, 250:23–251:3, 253:13–18, 257:17–22, 262:5–11, 264:18,–23, 266:6-24,

3    268:16–20, 275:4–6, 276:19–24 (Colvin admitting he falsely answered as to his marital status).

4        These failures provide cause for dismissal under the *Padilla* factors, as the Debtor's

5    failure to comply with the requirements are not excused by any specific section of the Bankruptcy

6    Code. Further, many of these actions and inactions reflect a specific failure to comply with the

7    Bankruptcy Code and to satisfy his duties as a Debtor. As a result, cause for dismissal is present

8    under the *Padilla* factors.[5]

9        Given the history of this case, and the Debtor's history in bankruptcy generally, these

10   failures also represent an unreasonable delay by the Debtor that is prejudicial to creditors, under

11   Section 707(a)(1). Finally, while a debtor's bad faith is not typically a factor for finding cause for

12   dismissal under Section 707(a), here the Debtor's repeated and continuing use of the bankruptcy

13   system for improper purposes shows just how prejudicial the Debtor's delay actually is to his

14   creditors. As a result, cause is present for dismissal of the Bankruptcy Case.

15   **B.    DISMISSAL WITH PREJUDICE IS WARRANTED**

16       As cause for dismissal is present, the Court next "must decide what remedial action—

17   what form of dismissal—should be taken." *Ellsworth v. Lifescape Med. Assocs., P.C. (In re*

18   *Ellsworth)*, 455 B.R. 904, 922 (B.A.P. 9th Cir. 2011) (citations omitted). Pursuant to Section 349,

19   the dismissal of a bankruptcy case is normally without prejudice to a bankruptcy debtor's ability

20   to file a new bankruptcy case and achieve a discharge of the liabilities that were or could have

21   been scheduled in the dismissed bankruptcy case. However, if a bankruptcy case is dismissed

22   with prejudice, then the liabilities that were or that could have been scheduled in the dismissed

23   case cannot be discharged in a subsequent bankruptcy case. *See* 3 Collier on Bankruptcy ¶ 349.02

24   (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017).

---

25   [5] Courts considering this issue have similarly concluded that failure to satisfy requirements of the
26   Bankruptcy Code or the duties of a debtor provide cause pursuant to Section 707(a). *See, e.g., In*
     *re Dunn*, 2010 Bankr. LEXIS 3070, *16–17 (B.A.P. 9th Cir. Feb 4, 2010) (finding that failure to
27   appear at Section 341 Meeting of Creditors establishes cause for dismissal); *In re Alvarado*, 496
     B.R. 200, 208 (N.D. Cal. 2013) (finding that failure to obtain credit counseling within 180 days of
28   filing the petition, establishes cause for dismissal).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1    A debtor's bad faith provides cause for dismissal with prejudice under Section 349(a).

2  *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999).[6] In determining whether bad

3  faith sufficient to dismiss a bankruptcy case with prejudice is present, a court is to consider the

4  totality of the circumstances, including the following factors: (i) whether the debtor

5  misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or

6  otherwise filed his bankruptcy case in an inequitable manner; (ii) the debtor's history of filings

7  and dismissals; (iii) whether the debtor only intended to defeat state court litigation; and (iv)

8  whether egregious behavior is present. *Id.* Once good faith has been placed in issue, it is a

9  debtor's burden to demonstrate that the bankruptcy case was filed in good faith. *Leavitt v. Soto (In*

10  *re Leavitt)*, 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997) (citing *In re Powers*, 135 B.R. 980, 997

11  (Bankr. S.D. Cal. 1991)). Here, the Debtor's bad faith is evident, simply in reference to his prior

12  *nine* petitions, all of which have been dismissed for the Debtor failing to perform his duties under

13  the Code.

14      1.    **Debtor's Unfair Manipulation of the Bankruptcy Code and
                Inequitable Conduct**

15

16    The Debtor has unfairly manipulated the Bankruptcy Code. He has utilized the provisions

17  of chapter 7 to first prevent the Union's legitimate collection efforts, an action he took in bad

18  faith. Further, the Bankruptcy Case was filed in an inequitable manner. It was filed as a bare-

19  bones bankruptcy petition, just as most (if not all) of his other petitions, containing obviously

20  incomplete and insufficient information. *See* ECF No. 1 at 25–33 (Debtor listing no liabilities and

21  creditors who hold claims in Schedules D and E/F). Indeed, Mr. Colvin doesn't list a single

22  creditor or a single claimed liability or debt in these Schedules. Collectively, Debtor's current

23  Bankruptcy Case and prior cases appear designed to improperly thwart legitimate and lawful

24  creditor activities. *See* McDonald Decl. ¶¶ 4–8, 9–19. The Debtor's manipulation of the

25

26  _____

27  [6] While the *Leavitt* case dealt with dismissal of a chapter 13 bankruptcy case, the factors set forth
      therein are applicable in the context of dismissal with prejudice of a chapter 7 case. *See, e.g.,
      Johnson v. Vetter (In re Johnson)*, 2014 Bankr. LEXIS 2726, at *19 (B.A.P. 9th Cir. June 6,

28  2014) (citing *Leavitt* in appeal from a chapter 7 case and upholding two-year bar to refiling).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 564-0282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1   bankruptcy process with his abusive, bad-faith conduct and filings amounts to inequitable conduct

2   and should result in dismissal of the Bankruptcy Case with prejudice.

3              **2.      Debtor's History of Bankruptcy Filings**

4        The Debtor's history of filings and dismissals clearly support dismissal with prejudice as

5   to the Debtor. Debtor's history in bankruptcy supports the proposition that he has frustrated the

6   legitimate purposes of the Bankruptcy Code and that he has gotten away with this wrongful

7   conduct for many years—now on his eleventh bankruptcy petition—with no reasonable prospect

8   that this petition will be the one that will be seen through to the end. The Debtor has a proclivity

9   for filing bankruptcy cases and is almost certain to file another bad faith bankruptcy case in the

10  very near future. By Creditor's count, Debtor has received fee waivers in 9 of 11 bankruptcy

11  filings. Yet he expects creditors, bankruptcy trustees, and this Court to believe he is virtually

12  penniless, despite claiming primary responsibility for several persons he claims as dependents. As

13  such, dismissal with prejudice is appropriate, not only to prevent this abuse as to the Debtor but

14  also to deter this kind of misconduct as to others similarly situated. If this conduct is allowed to

15  persist, the bankruptcy system and creditors are likewise harmed because limited resources must

16  be devoted to deal with this vexatious Debtor.

17             **3.      The Debtor Intended to Defeat State Court Litigation**

18       The Debtor filed bankruptcy in an effort to defeat and delay his creditors' state-law

19  collection efforts. As to the Union specifically, the Bankruptcy Case and the immediately three

20  preceding bankruptcy cases were filed to delay the Union's activities. The bankruptcy filed on

21  April 21, 2021, was designed to thwart service of the summons and complaint of the State Court

22  Lawsuit; the bankruptcy filed on October 18, 2021, was designed to thwart a motions hearing in

23  the State Court Lawsuit; the bankruptcy filed on April 22, 2022, was apparently designed to

24  further delay the State Court Lawsuit; and the instant Bankruptcy Case also is apparently

25  designed to further improperly delay the State Court Lawsuit and, in light of Debtor's Motion for

26  Sanctions alleging Local 872's violation of the automatic stay (ECF No. 18), appears designed to

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warn Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

12

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1    try to create leverage to improperly require the Union to reinstate him to membership.[7] *See*

2    McDonald Decl. ¶¶ 4–8. This case and other prior bankruptcy cases also appear to be motivated

3    by a desire to stave off landlord-tenant actions pending against the Debtor. *See id.* ¶¶ 9–10 & Exs.

4    2 & 3 thereto (state court docket searches as to Debtor and including selected dockets). Because

5    the Debtor filed the Bankruptcy Case to defeat state court litigation, dismissal with prejudice is

6    appropriate.

7                      **4.    Egregious Behavior Is Present**

8                The Debtor's actions in filing a bad faith bankruptcy case demonstrate egregious behavior.

9    The Debtor has successfully caused years of delay as a consequence of the automatic stay taking

10    effect where it was applicable. However, what is perhaps most egregious about the Debtor's

11    behavior in the Bankruptcy Case is that the Debtor has at every turn compounded litigation,

12    purposefully driving up his creditors' legal bills. The Debtor has repeatedly filed bankruptcy cases

13    and failed to comply with his obligations under the Code to timely file complete documents and

14    to perform his other duties as a debtor. As discussed above, the Debtor has been part of numerous

15    bankruptcy cases and cannot claim a lack of legal knowledge or experience excuses his conduct.

16    He has had ample opportunity to become familiar with the bankruptcy process. Surely after ten

17    prior failed bankruptcies he would have learned something about what is required of him as a

18    debtor under the Code. Instead, it appears he has become familiar enough with filing successive

19    bankruptcy petitions to abusively take advantage of the automatic stay's protections, when

20    applicable, and to otherwise cause delay in state court where those courts are less familiar with

21

22    _____

      [7] If Debtor should properly perfect filing and service of notice of hearing on the motion as this
23    Court's Local Rules require, the Union will have more to say to respond to Debtor's baseless
      motion. For now, although Local 872 believes the Motion for Sanctions is meritless, Mr. Colvin
24    appears to have a fundamental misunderstanding as to the scope and effect of the automatic stay.
      While the automatic stay does plainly prevent the Union from engaging in any action to continue
25    any action against a debtor or to recover a claim against the debtor or to undertake any act to
      collect, assess, or recover a claim against the debtor that arose before the commencement of the
26    case, 11 U.S.C. § 362(a)(1), (6), it does not necessarily follow that the automatic stay compels the
      Union to readmit him to membership, *see Brown v. Penn. State Emps. Credit Union*, 851 F.2d 81,
27    82, 85–86 (3d Cir. 1988) (credit union did not violate automatic stay by notifying debtors of its
      "policy to deny future services to members when any portion of the debt is discharged in
28    bankruptcy . . . [unless] the obligation is reaffirmed"). In any event, as of the time of the filing of
      this Motion, it does not appear Mr. Colvin had properly perfected notice as to his motion.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1390 E. Wann Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl

158387\1556368

1   the nuances of the automatic stay and rightfully exercise abundant caution when there is the

2   specter of a potential stay violation hanging over them.

3       And even if all of that were not enough, more egregious still is the fact the Debtor has not

4   heeded this Court's direct admonishments to him that if he were to file another bankruptcy,

5   consequences would follow if he did not adhere to his duties as a debtor. ECF No. 24, in No. 22-

6   11413-abl, attached as Ex. 1 to the Declaration of Counsel accompanying this motion. There is

7   truly no excuse for the Debtor's behavior. Dismissal with prejudice is appropriate.[8]

8       The Debtor has voluntarily filed successive bad faith bankruptcy cases and has simply

9   refused to comply with the requirements of the Bankruptcy Code. Bad faith necessitating

10  dismissal with prejudice is present, and the Union requests that any dismissal of the Bankruptcy

11  Case be with prejudice as to all liabilities that have been or that could have been scheduled in the

12  Bankruptcy Case.

---

[8] As further evidence of his egregious behavior, the Debtor has engaged in conduct that would be sufficient to deny the Debtor a discharge under Section 727. Specifically, the Debtor has knowingly and fraudulently "made a false oath or account." 11 U.S.C. § 727(a)(4)(A). As but a few examples, in the instant Bankruptcy Case, Debtor has falsely stated under penalty of perjury that he has never filed for bankruptcy within the past 8 years, *see* ECF No. 1, at p. 1 ln. 9, and that he has never used any other name, *id.* at p. 1, ln. 2. In two bankruptcies ago, in Case No. 21-14974-mkn, Debtor stated that he has been a party only in one lawsuit, court action, or administrative proceeding, SOFA at ln. 9, ECF No. 12 at 33 (disclosing only one court case, pending in federal district court); the Union has identified at least five undisclosed cases in state court alone, *see* McDonald Decl. ¶ 9 & Ex. 1. In the instant case, Mr. Colvin disclosed in his SOFA only one lawsuit. *See* ECF No. 1 at p. 48, ln. 9. Local 872 is aware of at least six cases. *See* McDonald Decl. ¶¶ 9–10 & Exs. 2 & 3 (state court docket searches and dockets). And lest Mr. Colvin claim these are innocent omissions, omissions of similar nature were pointed out to him under oath during a deposition in a federal district court case between him and the Union. *See* McDonald Decl. ¶ 20 & Ex. 13, pp. 214–281 (excerpts of Colvin deposition transcript).

Omissions or false statements in a debtor's schedules may constitute a false oath under the statute. "[A] false statement or an omission in a debtor's statement of financial affairs or schedules can constitute a false oath." *See, e.g., Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (quoting *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007), *aff'd*, 578 F.3d 1167, 1168 (9th Cir. 2009)); *Kendall v. Turner, et al. (In re Turner)*, 335 B.R. 140, 148 (Bankr. N.D. Cal. 2005) (omitting the debtor's residence from schedules). Because the false oath must be made knowingly and fraudulently, proof of the debtor's actual fraudulent intent is required. *See Fogal Legware of Switz., Inc. v. Wills (In re Wills)*, 243 B.R. 58, 64 (9th Cir. BAP 1999). A finding of fraudulent intent, of course, can be based on circumstantial evidence, *see id.*, and reckless disregard for the truth and accuracy of the debtor's schedules and statements, along with other evidence, may support such a finding. *See Khalil*, 379 B.R. 163 at 177.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

## C.    AN INJUNCTION AGAINST FUTURE FILINGS IS ALSO APPROPRIATE

As discussed above, bad faith sufficient to warrant dismissal with prejudice is here present. As a result, there is sufficient cause under Sections 105(a) and 349(a) to also bar the Debtor from filing a subsequent bankruptcy case in any jurisdiction for a period of not less than five years. *See In re Mitchell*, 357 B.R. 142, 157 (Bankr. C.D. Cal. 2006) ("As its plain language suggests, § 349 gives a court authority to 'sanction a debtor for cause by imposing a bar against re-filing.'") (quoting *In re Grischkan*, 320 B.R. 654, 661 (Bankr. D. Ohio 2005)); *see also Johnson*, 2014 Bankr. LEXIS 2726, at *20 (citing *Mitchell*).

Here, the Debtor has filed eleven bankruptcy cases in two jurisdictions since 2013. Not one has resulted in a discharge of debts, and this case too has little prospect of ending in a discharge. This pattern is enough to lead to a reasonable inference that a twelfth abusive, bad faith petition will come absent a bar to filing a new case. The Debtor must face consequences to deter and prevent further bad faith and abusive conduct. This is of grave concern of the Union, especially given that the Union has spent fees protecting its rights in the various bankruptcy cases filed by the Debtor and pursuing its lawful remedies in state court litigation and elsewhere. The Union deserves certainty that the bleeding will finally stop. It deserves to know that it will not be dragged into another bankruptcy case, all while it expends otherwise unwarranted legal fees. The only way to afford the Union the certainty that it so desperately requires is to bar the Debtor from filing a subsequent bankruptcy case in any jurisdiction for a period of not less than three years.

This should also be of grave concern to the Court. "There is a great public interest in the efficient administration of the bankruptcy system." *In re Smith*, 397 BR. 134, 148 (Bankr. D. Nev. 2008). The Debtor here frustrates the efficient administration of bankruptcy by requiring courts, panel trustees, the U.S. Trustee, and others have to expend limited time and resources on dealing with this abusive conduct. It must stop. Given this Court's express warnings to the Debtor in dismissing his last bankruptcy in 2022, this Court is best poised to impose consequences for Debtor's disregard of the Court's admonishments and warnings to Mr. Colvin when the Court dismissed Mr. Colvin's last bankruptcy petition.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

**D.    THE COURT SHOULD RETAIN JURISDICTION NOTWITHSTANDING 11 U.S.C. § 521(i).**

Because the Debtor has not filed (and likely will not file by the 45th day) all of the information required under Section 521(a)(1), the instant petition is subject to automatic dismissal under 11 U.S.C. § 521(i). Given the abuse of the bankruptcy process detained above in this Motion, the Court should retain jurisdiction notwithstanding the operation of Section 521(i) so as to adjudicate this motion on proper notice and hearing, despite the passing of the 45-day period.

### V.    CONCLUSION

The Debtor filed his Bankruptcy Case in bad faith and has used the Bankruptcy Code to delay his creditors' legitimate collection efforts and to harass and frustrate them. The Union has incurred legal fees because of this and, regardless of the outcome of this Motion, it will continue forward with its state court action as permitted by law. It is almost certain that the Debtor has caused his creditors to expend, in the aggregate, many thousands of dollars in legal fees and costs just to deal with the delay caused by his bad faith, abusive bankruptcy filings. The Union and all creditors require some certainty that the Debtor will not simply begin another chapter of this sad saga with yet another bad faith petition, and only dismissal with prejudice and a bar on future filings can provide this desperately needed relief. The Debtor has filed eleven bankruptcy cases in bad faith since 2013. There should not be a twelfth.

/ / /

/ / /

/ / /

/ / /

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

1      For all of the above reasons, the Union respectfully requests the Court enter an order: (i)

2  granting the Motion; (ii) dismissing the Bankruptcy Case with prejudice as to all liabilities that

3  have been or that could have been scheduled in the Bankruptcy Case; (iii) prohibiting the Debtor

4  from filing another case under the Bankruptcy Code in any jurisdiction for a period of not less

5  than three years from entry of an order granting the Motion; and (iv) granting the Union such

6  additional relief as the Court deems appropriate under the circumstances.

Dated: April 2, 2025

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:   */s/ Sean W. McDonald*
     KRISTINA L. HILLMAN, Bar No. 7752
     SEAN W. McDONALD, Bar No. 12817

Attorneys for Creditor Laborers' International
Union of North America, Local 872

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-25-11109-abl
158387\1556368

**DENIED**

**DENIED AS MOOT.** Debtor appeared and presented argument to the Court at the scheduled hearings on April 30, 2025 at 9:30 a.m. Oral rulings are set for May 30, 2025 at 1:30 and 3:00 p.m.

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
May 06, 2025

United States Bankruptcy Court
District OF NEVADA

PARDELL COLVIN
Debter,

CASE NO: 25-11109-ABL
CHAPTER-7
ORDER TO RESCHEDULE

ORDER GRANTING MOTION TO RESCHEDULE
HEARING TO MAY 28, 2025

Pardell Clr
4/14/2025