# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>PARNELL COLVIN, III,<br>　　　　　Debtor.<br>―――――――――――――――<br>PARNELL COLVIN, III,<br>　　　　　Appellant, | BAP No. NV-25-1101<br><br>Bk. No. 25-11109-abl<br><br>**NOTICE RE TIMELINESS AND ORDER ON APPEAL**<br>**(Response Required)** |

　　　　On June 2, 2025, Appellant Parnell Colvin, III filed a notice of appeal (Bankruptcy Docket #64) of the "Dismissal of bankruptcy case" and listed "No other parties to the appeal." Appellant attached a copy of a motion (Bankruptcy Docket #23) ("Union Dismissal Motion") filed by Kristina L. Hillman and Sean W. McDonald of Weinberg, Roger & Rosenfeld on behalf of Laborers' International Union of North America, Local 872 ("Union") seeking dismissal of appellant's bankruptcy case and an Order denying as moot a May 6, 2027, scheduling motion.

　　　　A review of the bankruptcy court docket indicates that on May 30, 2025, the bankruptcy court announced its intention to grant the Union Dismissal Motion as well as a motion (Bankruptcy Docket #20)("Trustee Dismissal Motion") filed by Chapter 7 Trustee Lenard E. Schwartzer ("Trustee") also seeking dismissal of appellant's bankruptcy case.

　　　　On June 3, 2025, the bankruptcy court entered three orders: its Order Dismissing Case with 3 Year Bar to Refiling (Bankruptcy Docket #76) ("Union Dismissal Order") granting the Union Dismissal Motion and what

appear to be duplicate Orders Dismissing Case with 3 Year Bar to Refiling (Bankruptcy Docket #73 and #75) granting the Trustee Dismissal Motion.

**TIMELINESS SATISFIED:**

On June 4, 2025, the BAP issued a notice of deficiency indicating this appeal appeared untimely and requiring a response by June 18, 2025 (BAP Docket #2). That notice was issued in error, as explained below.

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(2), a notice of appeal filed after the bankruptcy court announces its decision or order but before entry of the order is treated as filed on the date of and after the entry of the order. That is what occurred here. Accordingly, the notice of appeal is timely and the notice of deficiency is DEEMED SATISFIED. No further response to the notice of deficiency is required.

**ORDER ON APPEAL:**

Since the notice of appeal was filed before entry of any order dismissing the appellant's bankruptcy case, and since three orders were entered dismissing the case, appellant is directed to file with the BAP a copy of each order being appealed no later than **JUNE 23, 2025**, to clarify which order or orders appellant is appealing.

                                             **FOR THE PANEL,**
                                             *Susan M. Spraul*
                                             Susan M. Spraul, Clerk of Court